*10397586666*

CJ-18-2008 PRINCE

**IN THE DISTRICT COURT OF OKLAHOMA COUNTY**
**STATE OF OKLAHOMA**

FILED IN DISTRICT COURT
OKLAHOMA COUNTY
APR 1 3 2018
RICK WARREN
COURT CLERK
34_____

CJ-2018-2008

| | | |
|---|---|---|
| CAMMY CASCIO | ) | |
| Plaintiff, | ) | Case No.: _____ |
| | ) | JUDGE: _____ |
| v. | ) | |
| | ) | |
| STATE FARM MUTUAL | ) | |
| AUTOMOBILE INSURANCE | ) | |
| COMPANY, | ) | |
| Defendant. | ) | |

## ORIGINAL PETITION

The Plaintiff, Cammy Cascio, hereby alleges and states as follows as to the above-named Defendant.

1. Plaintiff, along with her husband Chris Cascio, is insured by the defendant.

2. Defendant is a mutual insurance company and as such does not have any shareholders; it is owned by policy holders in Oklahoma and throughout the United States. Its stated mission "is to help people manage the risks of everyday life, recover from the unexpected and realize their dreams".

3. Defendant issued a policy to plaintiff for liability coverage of $25,000.00 and has stated that she has UIM/UM coverage in the amount of 50/100.

4. Plaintiff was involved in a motorcycle accident on or about June 18, 2016; her husband was operating the motorcycle and she was a passenger.

5. Defendant has never indicated that the accident was not as a result of her husband's negligence during the handling of her liability and UM claims.

6. Plaintiff made a liability claim under the policy and defendant assigned the adjustment and evaluation of the plaintiff's liability claim to Brenda Sharp.

7. At the request of defendant, by Brenda Sharp, on August 19, 2016 plaintiff provided the defendant with a signed medical authorization, filled out an injury questionnaire, and provided a list of her medical providers, the identity of her health insurer and other information that defendant advised it needed it order to adjust her claim.

8. Plaintiff's incurred medical is just short of liability limits. She sustained permanent injuries, necessitated medical treatment, incurred medical expenses, experienced a great deal of pain and suffering (emotional and physical) and relied on the defendant to fairly advise her of available coverages and to evaluate her claim fairly and honestly so she could receive the benefits she paid premiums for.

9. Plaintiff retained counsel and at the request for information by her counsel, plaintiff was for the first time advised that she had UM coverage.

10. Unbelievably the defendant assigned the same adjustor that was handling the plaintiff's liability claim to adjust her underinsured motorist claim.

11. At no time has defendant advised the plaintiff that defendant's evaluation of her claim was at least equal to liability limits and that it was going to make a ***Burch*** (***Burch v. Allstate Ins. Co., 1998 OK 129, ¶ 18, 977 P.2d 1057, 1065, as corrected (Jan. 5, 1999***), payment to allow the plaintiff to request and recover additional benefits owed to her from the UM portion of the policy; or tender the liability limits owed and advise the plaintiff that it was waiving its redundant subrogation claim. Defendant instead has advised that it has made a "settlement offer in the amount of $25,000.00".

12. After notification that defendant should open a UM file by counsel in May of 2017, defendant through Brenda Sharp, sent form letters to plaintiff advising of defendant's right of subrogation rights and requesting the same information it requested in August of 2016 and received from the plaintiff no later than September of 2016.

13. On March 21, 2018 Brenda Sharp was asked to explain why: A) a *Burch* payment was not made when it was apparent that defendant evaluated her liability claim at a value equating to at least the liability limits; B) defendant failed to disclose if plaintiff has additional UM coverage and whether the coverage was stackable; C) she was requesting the plaintiff to submit the same information she previously submitted in August of 2016, especially since she was adjusting both the liability and UM claim; D) she had not used the medical authorization executed by the plaintiff in 2016; E) liability limits were not tendered without prejudice to the insured to request additional benefits under the UM policy. No response was received by defendant.

14. Defendant has not complied with 12 O.S. §3009.1(C), and therefore its communication of a $25,000.00 "offer" is based on incurred medical of $23,776.00.

15. Defendant has failed to provide a fair and honest evaluation of plaintiff's claim, has failed to pay her the undisputed portion of her claim, has delayed the payment of her claim, failed to make a *Burch* payment, and failed to advise the plaintiff while she was unrepresented that she was entitled to make a claim for UM benefits. The defendant has treated Cammy as an adversary in the handling and adjustment of her first party claim.

16. The actions of the defendant constitute bad faith entitling plaintiff to the policy benefits owed, other compensatory damages and punitive damages.

WHEREFORE, Plaintiff demands judgment against the Defendant herein in an amount that exceeds the amount required for diversity jurisdiction and all further relief that she may be entitled to in law and equity.

Respectfully submitted by:

_____
Rick W. Bisher, OBA # 12215
Riley Marie Bisher, OBA #32734
Ryan, Bisher, Ryan & Simons
4323 NW 63rd St. Suite 110
Oklahoma City, Oklahoma 73116
(405) 528-4567
(405) 525-2123 Facsimile
rbisher@rbrlawfirm.com
riley@rbrlawfirm.com
ATTORNEYS FOR PLAINTIFF

Jury Trial Demanded